1  TAMERLIN J. GODLEY (State Bar No. 194507)
   tamerlin.godley@mto.com
2  SAMUEL T.S. BOYD (State Bar No. 297748)
   samuel.boyd@mto.com
3  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
4  Thirty-Fifth Floor
   Los Angeles, California 90071-1560
5  Telephone:  (213) 683-9100
   Facsimile:   (213) 687-3702        NOTE: CHANGES MADE BY THE COURT
6
   Attorneys for Defendants
7  LIFE IS BEAUTIFUL, LLC and
   DOWNTOWN LAS VEGAS MANAGEMENT LLC
8
   FARHAD NOVIAN (State Bar No. 118129)
9  farhad@novianlaw.com
   JOSEPH A. LOPEZ (State Bar No. 268511)
10 Joseph@novianlaw.com
   SHARON RAMINFARD (State Bar No. 278548)
11 sharon@novianlaw.com
   NOVIAN & NOVIAN LLP
12 1801 Century Park East, Suite 1201
   Los Angeles, California 90067
13 Telephone:  (310) 553-1222
   Facsimile (310) 553-0222
14
   Attorneys for Plaintiff
15 AMUSEMENT ART, LLC

16

17                 UNITED STATES DISTRICT COURT

18        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

19

20 AMUSEMENT ART, LLC,                | Case No. 2-14-cv008290-DDP-JPR

21        Plaintiff,                  | **STIPULATED PROTECTIVE ORDER**

22     vs.                            | Judge:  Hon. Dean D. Pregerson

23 LIFE IS BEAUTIFUL, LLC;            | Trial Date:  July 19, 2016
   DOWNTOWN LAS VEGAS
24 MANAGEMENT LLC; AND DOES 1-
   10, inclusive,
25
          Defendants.
26

27

28

STIPULATED PROTECTIVE ORDER

The parties hereby submit this Proposed Joint Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

## [PROPOSED] STIPULATED PROTECTIVE ORDER

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action will likely involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties acknowledge, as set forth in Section 13.3 below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve financial, employee, and independent contractor data, confidential business or financial information, and other proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution or defense of this action is warranted. To expedite the flow of information, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified. The parties agree to not designate material as confidential without a good faith belief that it has been maintained in a confidential,

non-public manner, and there is good cause why it should not be part of the public record of this case.

3.   DEFINITIONS

    3.1   **Action**: this pending federal law suit.

    3.2   **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

    3.3   "**CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    3.4   **Counsel:** Outside Counsel of Record and House Counsel (as well as their support staff).

    3.5   **Designating Party**: a Party or non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    3.6   **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    3.7   **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    3.8   **House Counsel**: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside Counsel.

3.9   **Non-Party:** any natural person, partnership, corporation, association, or their legal entity not named as a Party to this action.

3.10   **Outside Counsel of Record**: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.11   **Party**: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.12   **Producing Party**: a Party or non-Party that produces Disclosure or Discovery Material in this action.

3.13   **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14   **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.15   **Receiving Party**:   a Party that receives Disclosure or Discovery Material from a Producing Party.

4.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its

disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

5.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6.    DESIGNATING PROTECTED MATERIAL

6.1    **Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6.2 **Manner and Timing of Designations**. Except as otherwise provided in this Order (e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL," to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before

producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material if so feasible.

If the document is produced in native format or is otherwise unamenable to having the "CONFIDENTIAL" legend affixed to each page, the designating party shall take reasonable steps, such as including the word "CONFIDENTIAL" in the title of the document, to convey its protected status.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition or shortly thereafter by contacting the court reporter.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3     **Inadvertent Failure to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

      7.1      **Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order and Local Rule 37.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      7.2      **Meet and Confer**. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

      7.3      The burden of persuasion in any such challenge proceeding shall be on Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

      8.1      **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-Party in connection with this action only for prosecuting, defending, or attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2    **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this action and who have been advised of the provisions of this protective agreement and have agreed to abide by them;

(b)    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this action and who have been advised of the provisions of this protective agreement and have agreed to abide by them;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this action and who have been advised of the provisions of this protective agreement and have agreed to abide by them;

(d)    the Court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this action and who have been advised of the provisions of this protective agreement and have agreed to abide by them;

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness is advised of the provisions of this protective order and has agreed to abide by them; and (2) they will not be permitted to keep any confidential information unless they have been advised of the provisions of this protective agreement and have agreed to abide by them, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions or as ordered by the Court.

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court considering the request for protective order, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)   The terms of this Order are applicable to information produced by a non-Party in this action and designated as "CONFIDENTIAL." Such information produced by non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the non-Party not to produce the non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the non-Party that some or all of the information requested is subject to a confidentiality agreement with a non-Party;

(2)   promptly provide the non-Party with a copy of the Stipulated Protective Order in this action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the non-Party, if requested.

(c)     If the non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the non-Party's confidential information responsive to the discovery request. If the non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-Party before a determination by the Court. Absent a Court order to the contrary, the non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons agree to abide by the terms of this Order.

12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may request the Court's permission to incorporate their agreement in the stipulated protective order submitted to the Court.

If a Receiving Party encounters any discovery material produced by another Party or non-party that the Receiving Party believes may be privileged or protected from discovery, and may have been produced inadvertently, that Receiving Party must immediately cease any review of such material, sequester it, and promptly notify the Producing Party in writing of the possibility that such material may be privileged and may have been inadvertently produced.  The Producing Party shall promptly advise the Receiving Party as to whether, in fact, such material was inadvertently produced.

13.   MISCELLANEOUS

13.1   **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   **Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   **Filing Protected Material**. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and Judge Rosenbluth's practices and procedures. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then

1  the Receiving Party may file the information in the public record unless otherwise

2  instructed by the Court.

14.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 20-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

//
//
//
//
//
//
//
//
//

1    15.    Any violation of this Order may be punished by any and all appropriate

2  measures including, without limitation, contempt proceedings or monetary

3  sanctions.

4

5  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

6  DATED:  July 1, 2015              MUNGER, TOLLES & OLSON LLP

7

8

9                                   By:   /s/ Samuel T. Boyd

10                                        SAMUEL T. BOYD
                                     Attorneys for Defendants
11                                   LIFE IS BEAUTIFUL, LLC, and
                                     DOWNTOWN LAS VEGAS MANAGEMENT
12                                   LLC

13  DATED:  July 1, 2015              NOVIAN & NOVIAN LLP

14

15

16                                   By:   /s/ Sharon Raminfard

17                                        SHARON RAMINFARD
                                     Attorneys for Plaintiff
18                                   AMUSEMENT ART, LLC

19

20                      **FILER'S ATTESTATION**

21      Pursuant to Local Rule 5-4.3.4(2)(i), regarding signatures, I attest that

22  concurrence in the filing of the document has been obtained from the other

23  signatories listed above.

24  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

25

26  DATED: July 28, 2015

27  _____

28  Jean P. Rosenbluth
    Magistrate Judge